IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

REFUGIO VALADEZ,                    )
                                    )
                Petitioner,         )          8:10CV154
                                    )
          v.                        )
                                    )
FRED BRITTEN,                       )          MEMORANDUM AND ORDER
                                    )
                Respondent.         )
_____)

     This matter is before the Court on petitioner's
objection to the Court's June 1, 2010, memorandum and order
(Filing No. 8) and motion for mutual and reciprocal discovery
(Filing No. 9).

     On June 1, 2010, the Court conducted an initial review
of petitioner's claims as set forth in his petition for writ of
habeas corpus ("Petition")(Filing No. 7).  In doing so, the Court
summarized Claim One of the Petition to allege four ways in which
petitioner's trial counsel was ineffective.  (*Id.* at CM/ECF p.
1.)  In his objection, petitioner requests that the Court modify
Claim One to instead state that petitioner's trial counsel "lied
to Petitioner by telling him that if he pled no contest, he would
be deported right away" and to add a claim that petitioner's
trial counsel "failed to obtain the medical examiner's report
which clearly depicts that the alleged sexual assault victim's
'hymen' was intact after three alleged separate sexual
penetration incidents."  (Filing No. 8 at CM/ECF pp. 1-2.)  The

Court has reviewed the petition and agrees that the language set forth by petitioner in his objection accurately summarizes his Claim One.  Respondent does not oppose these changes.  (*See* Docket Sheet.)  Thus, Claim One is restated at follows:

> Claim One:  Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment because petitioner's trial counsel: (a) waived petitioner's preliminary hearing without his consent; (b) lied to petitioner by telling him that if he pled no contest, he would be deported right away; (c) unreasonably advised petitioner to accept a plea bargain "knowing that there was no physical evidence" that petitioner committed the crime; (d) failed to investigate or depose witnesses including medical experts; and (e) failed to obtain the medical examiner's report which clearly depicts that the alleged sexual assault victim's "hymen" was intact after three alleged separate sexual penetration incidents.

In deciding the merits of the petition, the Court will consider Claim One, as modified above.  Respondent recently filed his Answer and Brief in support (Filing Nos. 16 and 17).  To the extent he wishes to amend his answer or brief in support as a result of the modifications made to Claim One in this memorandum and order, respondent will have until September 17, 2010, in which to do so.

Also pending is petitioner's motion for mutual and reciprocal discovery (Filing No. 9).  In his motion, petitioner

-2-

seeks "any and all medical records of the alleged witnesses and victims." (Filing No. 9.) Respondent filed all relevant State Court Records on June 22, 2010 (Filing No. 11). Respondent also filed his answer and brief in support (Filing Nos. 16 and 17). In those filings, respondent argues that all of petitioner's claims are procedurally defaulted. In light of this, and until the procedural default question is resolved, no additional discovery is necessary. The motion will be denied without prejudice. Accordingly,

IT IS ORDERED:

1.   Petitioner's objection (Filing No. 8) is granted to the extent that Claim One of the petition is modified as set forth above. Respondent may file an amended answer and/or brief in support no later than September 17, 2010.

2.   Petitioner's motion for mutual and reciprocal discovery (Filing No. 9) is denied without prejudice.

3.   Respondent's motion to substitute party (Filing No. 14) is granted. Petitioner's objection to that motion (Filing No. 18) is denied. The clerk of the court is directed to update the court's records in accordance with the motion to substitute party.

4.    Petitioner is reminded that his response to respondent's answer and brief in support is due October 18, 2010.

DATED this 30th day of August, 2010.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court