IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

REFUGIO VALADEZ,                    )
                                    )
            Petitioner,             )          8:10CV154
                                    )
        v.                          )
                                    )
FRED BRITTEN,                       )          MEMORANDUM OPINION
                                    )
            Respondent.             )
_____)

     This matter is before the Court on petitioner Refugio Valadez' ("Valadez") Petition for Writ of Habeas Corpus ("Petition") (Filing No. 1).  Respondent filed an answer (Filing No. 16), a brief on the merits of the petition (Filing No. 17), and relevant State Court Records (Filing No. 11).  Valadez filed a brief in response to the answer (Filing No. 19).  This matter is therefore deemed fully submitted.

     Liberally construing the allegations of Valadez' petition, he argues that he is entitled to a writ of habeas corpus because:

> Claim One:  Valadez was denied the effective assistance of counsel in violation of the Sixth Amendment because his trial counsel:  (a) waived his preliminary hearing without his consent; (b) lied to him by telling him that if he pled no contest, he would be deported right away; (c) unreasonably advised him to accept a plea bargain "knowing that there was no physical evidence" that he committed the crime; (d) failed to investigate or depose witnesses including medical experts; and (e) failed to obtain the medical examiner's

report which clearly depicts that the
alleged sexual assault victim's "hymen"
was intact after three alleged separate
sexual penetration incidents ("Claim
One").

Claim Two:  Valadez was denied his
Fourteenth Amendment rights to due
process because the prosecution
failed to disclose a medical report
favorable to his case to his trial
counsel and failed to inform the
trial court about the contents of
the medical report ("Claim Two").

Claim Three:  Valadez was denied
the effective assistance of counsel
in violation of the Sixth Amendment
because his appellate counsel
failed to raise on direct appeal
the issues set forth in Claims One
and Two ("Claim Three").

(Filing No. 1, together, the "Habeas Claims".)

## BACKGROUND

### I.   Valadez' Conviction and Direct Appeal

On March 3, 2008, Valadez pled no contest to one count

of first degree sexual assault on a child (Filing No. 11-5,

Attach. 5, at CM/ECF p. 25).  The Douglas County, Nebraska,

District Court thereafter sentenced Valadez to serve a prison

term of 25-25 years on that conviction.  (*Id.* at CM/ECF p. 26.)

Valadez filed a timely direct appeal arguing only that the

sentence imposed was excessive (Filing No. 11-2, Attach. 2, at

CM/ECF pp. 1-7).  The Nebraska Court of Appeals summarily

affirmed the convictions and sentences on September 10, 2008

-2-

(Filing No. 11-1, Attach. 1, at CM/ECF p. 1).  Valadez did not
file a petition for further review with the Nebraska Supreme
Court (Filing No. 11-4, Attach. 4, at CM/ECF p. 2).

## II.  *Valadez' Post Conviction Motion and Appeal*

On December 5, 2008, Valadez filed a verified motion
for post conviction relief in the Douglas County District Court
(the "Post Conviction Motion") (Filing No. 11-13, Attach. 13, at
CM/ECF pp. 26-35).  Liberally construed, the Post Conviction
Motion set forth Claims One through Three.  (*Id.*)  The Douglas
County District Court declined to hold an evidentiary hearing and
issued a detailed opinion denying relief on all claims asserted
in the Post Conviction Motion.  (*Id.* at CM/ECF pp. 100-107.)
Valadez filed a timely appeal of the denial of post conviction
relief.  On appeal, Valadez assigned several errors, encompassing
Claims One through Three (Filing No. 11-8, Attach. 8, at CM/ECF
pp. 1-23).  On February 24, 2010, the Nebraska Court of Appeals
affirmed the Douglas County District Court's denial of post
conviction relief (Filing No. 11-6, Attach. 6, at CM/ECF p. 1).
Valadez filed a petition for further review with the Nebraska
Supreme Court, which again denied relief to Valadez on April 14,
2010 (Filing No. 11-7, Attach. 7, at CM/ECF p. 1).  Details of
the Nebraska state court opinions are set forth where necessary
in the Court's analysis below.  On April 26, 2010, Valadez timely
filed his petition in this Court (Filing No. 1).

-3-

***ANALYSIS***

**I.   *Claims One and Three***

 **A.   Standard of Review**

   When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law.  *See* 28 U.S.C. § 2254(d).  With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  In addition, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

   Further, Section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the

-4-

Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

        As the Supreme Court recently noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786 (2011). The deference due to state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The

-5-

claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit recently clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance –– combined with its express determination that the ineffective-assistance claim as a whole lacked merit –– plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, Nos. 09-1802 and 09-2000, 2011 WL 31529, *5 (8th Cir. Jan. 6, 2011) (quotations and citations omitted).  The Court also determined that a federal district court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.*  A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.*  The Supreme Court agrees, recently stating:

> There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication."  As every Court of Appeals to consider the issue has

-6-

> recognized, determining whether a
> state court's decision resulted
> from an unreasonable legal or
> factual conclusion does not require
> that there be an opinion from the
> state court explaining the state
> court's reasoning.

*Harrington*, 131 S. Ct. at 784.

**B.    The *Strickland* Standard**

Both of Valadez' claims which the Nebraska courts adjudicated on the merits relate to the ineffective assistance of counsel.  Claims of ineffective assistance of counsel are reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense.  *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance.  *Strickland*, 466 U.S. at 687-88.  In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the

-7-

result of the proceeding would have been different." *Id.* at 694; *see also* *Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

In addition, the Supreme Court has very recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different.).

-8-

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome.  Thus:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable -- a substantially higher threshold." *Schriro, supra, at 473, 127 S. Ct. 1933*.  And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.  See *Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)* ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

In another recent case, the Supreme Court further stressed the importance of deference to state court opinions in cases where the petitioner accepted a plea:

> There are certain differences between inadequate assistance of counsel claims in cases where there was a full trial on the merits and those, like this one, where a plea was entered even before the prosecution decided upon all of the charges.  A trial provides the full

-9-

written record and factual
background that serve to limit and
clarify some of the choices counsel
made.  Still, hindsight cannot
suffice for relief when counsel's
choices were reasonable and
legitimate based on predictions of
how the trial would
proceed. . . . Hindsight and second
guesses are also inappropriate, and
often more so, where a plea has
been entered without a full
trial . . . [t]he added uncertainty
that results when there is no
extended, formal record and no
actual history to show how the
charges have played out at trial
works against the party alleging
inadequate assistance.  Counsel,
too, faced that uncertainty.  There
is a most substantial burden on the
claimant to show ineffective
assistance.  The plea process
brings to the criminal justice
system a stability and a certainty
that must not be undermined by the
prospect of collateral challenges
in cases not only where witnesses
and evidence have disappeared, but
also in cases where witnesses and
evidence were not presented in the
first place.

*Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 745-46 (2011)

(citations omitted).

    **C.   Valadez' Claims One and Three**

        *1.   State Court Findings*

    For his Claim One, Valadez argues that his trial
counsel was ineffective for five separate reasons (Filing No. 1).
Valadez raised each part of Claim One in his Post Conviction

Motion and appeal, and the Nebraska courts considered and rejected Claim One in its entirety.

Regarding Claim One, Part A, the Douglas County District Court applied *Strickland* and other precedent and determined that Valadez' trial counsel was not ineffective for waiving Valadez' preliminary hearing because Valadez "cannot establish deficient performance or prejudice because the Court found the factual basis sufficient to support a finding of guilt during the plea and therefore, the evidence would have easily met the probable cause standard in a preliminary hearing." (Filing No. 11-13, Attach. 13, at CM/ECF p. 102.) As for Claim One, part B, the Douglas County District Court likewise determined that "the record affirmatively establishes there has been no deficient performance or prejudice." (*Id.*) Indeed, regarding the deportation of Valadez, the court reviewed the record and determined:

> After thoroughly going through the possible deportation consequences during the plea colloquy, the following took place:
>
> The Court: All right.  Now, Mr. Valadez, has anyone promised you anything in exchange for your plea of no contest other than the plea agreement we've discussed?
> [Valadez]: (Unintelligible).
> The Court: You what?  What was that?
> [Valadez]: To be deported right away.

-11-

> [Valadez' Counsel]: You understand
> that you could be deported right
> away, but we don't know if that
> will happen or not.
> The Court: All right.  What could
> happen, sir, is you could go to
> jail for a maximum period of 50
> years and then at the end of that
> be deported.
> [Valadez]: Okay.

Based on the prior immigration advisory and this exchange,

Defendant had a full understanding of the impact of this plea on

his status regardless of any advice from counsel prior to the

plea.  Thus, the record affirmatively establishes Defendant has

suffered no prejudice.

(*Id.* at CM/ECF pp. 102-03.)

The Douglas County District Court also rejected Claim

One, Part C, stating that "[t]he factual basis provided by the

State set forth sufficient foundation for the Court to accept

Defendant's no contest plea and there is no requirement in

Nebraska's statutory or case law that there must be "physical

evidence" of a crime to support a conviction."  (*Id.* at CM/ECF p.

103.)  Thus, Valadez' "assertion therefore does not establish

deficient performance or prejudice."  (*Id.*)

In rejecting Claim One, Part D, the Douglas County

District Court stated that Valadez' claim that his counsel failed

to take the depositions of key witnesses failed because Valadez

did not set forth the "names of the witness [sic], their

potential testimony, how a deposition would have been beneficial

-12-

or that he would have insisted on going to trial but for this
error." (*Id.*)  Claim One, Part E likewise failed because "an
interview or reports relating to the victim's injuries would not
necessarily support a finding of Defendant's guilt or innocence
and counsel was not ineffective in failing to do either."  (*Id.*
at CM/ECF p. 104.)  This was especially true in Valadez' case
because even a showing that "the victim's hymen was still intact"
would not negate a first degree sexual assault conviction under
Nebraska law.  (*Id.*)

As a summary for its findings on Claim One, the Douglas
County District Court stated:

> Finally, it should be noted that in
> the context of a guilty plea, a
> defendant has been afforded
> meaningful representation when he
> or she receives an advantageous
> plea and nothing in the record
> casts doubt on the apparent
> effectiveness of counsel.  Here,
> nothing in the record casts doubt
> on counsel's performance and
> Defendant clearly received an
> advantageous plea in having three
> of the four felony counts
> dismissed.

(*Id.* (citations and quotations omitted).)

Regarding Claim Three, the Douglas County District
Court also applied *Strickland* and other state and federal
precedents, finding that:

> [Valadez] has not established
> prejudice as [Valadez'] motion
> fails to specifically plead

-13-

> prejudice or the record
> affirmatively establishes bringing
> these issues on appeal would have
> been unsuccessful and thus, no
> prejudice has occurred.  Similarly
> with regard to the first prong,
> deficient performance, [Valadez]
> has failed to plead the specific
> factual allegations necessary to
> warrant an evidentiary
> hearing. . . . In addition, the
> record affirmatively establishes
> [Valadez'] plea was entered freely,
> intelligently, voluntarily, and
> understandingly.

(*Id.* at CM/ECF pp. 105-06.)  The Nebraska Court of Appeals

affirmed the Douglas County District Court's denial of relief on

Claims One and Three without issuing an opinion (Filing No. 11-6,

Attach. 6, at CM/ECF p. 1).  The Nebraska Supreme Court also

denied relief to Valadez in rejecting his petition for further

review (Filing No. 11-7, Attach. 7, at CM/ECF p. 1).

> 2.   *Deference*

Respondent argues that the foregoing findings of fact

and conclusions of law are entitled to deference under the

statutory standard of review that applies to factual and legal

conclusions reached by the state courts.  Indeed, as set forth

above, the Court must grant substantial deference to the Nebraska

state court decisions.  The Court has carefully reviewed the

record in this matter and finds that the Nebraska state court

decisions are not "based on an unreasonable determination of the

facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d)(2).  Valadez has not submitted

any evidence, let alone clear and convincing evidence, that the

Douglas County District Court or the Nebraska Court of Appeals

was incorrect in any of its factual determinations.  28 U.S.C. §

2254(e)(1).  The grant of a writ of habeas corpus is not

warranted here because the Nebraska state courts correctly

applied *Strickland* and other Supreme Court holdings.  In light of

these findings, Valadez' Claims One and Three are dismissed.

II.  Claim Two

    **A.**    **Standards for Procedural Default**

      As set forth in 28 U.S.C. § 2254(b)(1):

> (1)  An application for a writ of
>      habeas corpus on behalf of a
>      person in custody pursuant to
>      the judgment of a State court
>      shall not be granted unless it
>      appears that –
>
>      (A) the applicant has
>      exhausted the remedies
>      available in the courts
>      of the State; or
>
>      (B)(I)there is an absence
>      of available State
>      corrective process; or
>         (ii) circumstances exist that
>      render such process ineffective to
>      protect the rights of the
>      applicant.

28 U.S.C. § 2254(b)(1).

      The United States Supreme Court has explained the

habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is
> designed to give the state courts a
> full and fair opportunity to
> resolve federal constitutional
> claims before those claims are
> presented to the federal
> courts . . . state prisoners must
> give the state courts one full
> opportunity to resolve any
> constitutional issues by invoking
> one complete round of the State's
> established appellate review
> process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief.  *Id. at 844*.  In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner.  *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim-that is, if resort to the state courts would be futile-then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'"  *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir.

-16-

2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).
Stated another way, if a claim has not been presented to the
Nebraska appellate courts and is now barred from presentation,
the claim is procedurally defaulted, not unexhausted. *Akins*, 410
F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not
entertain a successive motion for postconviction relief unless
the motion affirmatively shows on its face that the basis relied
upon for relief was not available at the time the movant filed
the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb.
2003). In addition, "[a] motion for postconviction relief cannot
be used to secure review of issues which were or could have been
litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579
(Neb. 2002). In such circumstances, where a Nebraska state court
rejects a claim on state procedural grounds, and "issues a plain
statement that it is rejecting petitioner's federal claim on
state procedural grounds," a federal habeas court is precluded
from "reaching the merits of the claim." *Shaddy v. Clarke*, 890
F.2d 1016, 1018 (8th Cir. 1989); *see also* *Greer v. Minnesota*, 493
F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state
court declined to address a prisoner's federal claims because the
prisoner had failed to meet a state procedural requirement,"
federal habeas is barred because "[i]n such instances, the state
prisoner forfeits his right to present his federal claim through

-17-

a federal habeas corpus petition") (quotations omitted).
However, the state court procedural decision must "rest[] on
independent and adequate state procedural grounds." *Barnett v.
Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted).  "A
state procedural rule is adequate only if it is a firmly
established and regularly followed state practice." *Id.*
(quotation omitted).  Even where a claim has been procedurally
defaulted, a petitioner is entitled to an opportunity to
demonstrate cause and prejudice to excuse the default. *Akins,*
410 F.3d at 456 n. 1.

   **B.   Valadez' Claim Two**

        As set forth above, Valadez pursued a direct appeal and
raised one issue, that his sentence was excessive (Filing No. 11-
2, Attach. 2, at CM/ECF PP. 1-7).  Stated another way, Valadez
did not raise any of his Habeas Claims on direct appeal.
However, Valadez raised Claim Two in his Post Conviction Motion
and appeal, and the Douglas County District Court rejected it.
In denying Valadez relief on Claim Two, the Douglas County
District Court determined:

          Defendant's assertions of
          prosecutorial misconduct do not
          need to be addressed in further
          detail, as they are procedurally
          barred.  The Nebraska Supreme Court
          has specifically held that "a
          motion for postconviction relief
          cannot be used to secure review of
          issues which were or could have
          been litigated on direct appeal, no

                              -18-

> matter how those issues maybe be
> phrased or rephrased." *State v.
> Jones, 264 Neb. 671, 650 N.W.2d 798
> (2002)*. *See also State v. Barnes,
> 272 Neb. 749, 724 N.W.2d 807
> (2006)*; *State v. Marshall, 269 Neb.
> 56, 690 N.W.2d 593 (2005)*; *State v.
> Benzel, 269 Neb. 1, 689 N.W.2d 852
> (2004)*.  In this case Defendant had
> a direct appeal and all these
> issues could have been asserted on
> direct appeal.

(Filing No. 11-13, Attach. 13, at CM/ECF pp. 104-05 (hyperlinks
added).)  The Nebraska Court of Appeals and the Nebraska Supreme
Court affirmed the Douglas County District Court's denial of
relief (Filing No. 11-6, Attach. 6, at CM/ECF p. 1; Filing No.
11-7, Attach. 7, at CM/ECF p.1).  In light of the Nebraska state
courts' "plain statement[s]" that they were rejecting Chae's
federal claims on independent and adequate state procedural
grounds, this Court is barred from addressing the merits of Claim
Two.  *Shaddy, 890 F.2d at 1018*.  Stated another way, Claim Two is
procedurally defaulted and the Court cannot reach the merits of
this claim unless Valadez demonstrates cause and prejudice
excusing the default.

## C.   Cause and Prejudice

To excuse a procedural default, a petitioner must
demonstrate either cause for the default and actual prejudice as
a result of the alleged violation of federal law, or, in rare
cases, that failure to consider the claim will result in a
fundamental miscarriage of justice.  *Coleman v. Thompson, 501*

U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999); *see also Bell v. Attorney Gen. of the State of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

The Court has carefully reviewed Valadez' submissions in this matter. Liberally construed, Valadez argues that his failure to raise Claim Two on direct appeal is a result of his appellate counsel's ineffectiveness (Filing No. 19 at CM/ECF pp. 25-35). While ineffective assistance of counsel may constitute "cause" in some circumstances, "[n]ot just any deficiency in counsel's performance will do." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Rather, "the assistance must have been so ineffective as to violate the United States Constitution. In other words, ineffective assistance of counsel adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim" which must be presented to the state courts. *Id.* (citation omitted). Thus, in order to claim that ineffective

-20-

assistance of counsel is cause to excuse his procedural default of Claim Two, Valadez must have first prevailed on his ineffective assistance of appellate counsel claim in the Nebraska state courts.  In his Claim Three, Valadez raised the issue of ineffective assistance of counsel for failure to raise Claim Two on direct appeal.  However, as set forth above, the Nebraska courts determined that Claim Three is without merit, and this court must defer to that determination.  It is insufficient cause to excuse the procedural default and Claim Two will be dismissed.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 17th day of February, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.